UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | |
|---|---|
| Linda Goad, | : |
| | : Civil Action No.: _____ |
| Plaintiff, | : |
| v. | : |
| | : |
| Bluestem Brands, Inc. d/b/a Fingerhut; and DOES 1-10, inclusive, | : **COMPLAINT AND** |
| | : **DEMAND FOR JURY TRIAL** |
| Defendants. | : |

For this Complaint, the Plaintiff, Linda Goad, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of Defendant's repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), and the invasions of Plaintiff's personal privacy by the Defendant and its agents in their illegal efforts to collect a consumer debt.

2. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendants transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

4. The Plaintiff, Linda Goad ("Plaintiff"), is an adult individual residing in Evansville, Vanderburgh County, Indiana, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

1

5. Defendant Bluestem Brands, Inc. d/b/a Fingerhut ("Bluestem"), is a Delaware business entity with an address of 1209 Orange Street, Wilmington, Delaware 19801, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

6. Does 1-10 (the "Collectors") are individual collectors employed by Bluestem and whose identities are currently unknown to the Plaintiff. One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

7. Bluestem at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

### A. The Debt

8. A person other than the Plaintiff allegedly incurred a financial obligation (the "Debt") to Fingerhut (the "Creditor").

9. The alleged Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

10. The alleged Debt was purchased, assigned or transferred to Bluestem for collection, or Bluestem was employed by the Creditor to collect the alleged Debt.

11. The Defendants attempted to collect the alleged Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

### B. Bluestem Engages in Harassment and Abusive Tactics

12. Beginning in April 2012, Defendants started contacting Plaintiff in an attempt to collect the alleged Debt.

13. Defendants placed numerous calls daily to Plaintiff's home telephone. On several occasions, Plaintiff has received calls every few minutes throughout the day from Defendants.

14. Plaintiff never gave her consent to be contacted on her home telephone. Additionally, on numerous occasions, Plaintiff questioned Defendants as to how they had her number on file.

15. On at least five occasions, Plaintiff explained to Defendants that she did not owe the Debt and had not had an account with Creditor in over five years.

16. In June 2012, Defendants started placing calls using an automated telephone dialer system with an artificial or prerecorded voice (hereafter "Robocalls") to Plaintiff's home telephone.

17. The calls and Robocalls from Defendants stated they were looking for Plaintiff, however, when Defendants provided Plaintiff with an address corresponding to the account, the address was not Plaintiff's.

18. Furthermore, Plaintiff notified Defendants that the address belonged to Plaintiff's daughter, who had an account with Creditor.

19. Despite being informed of such, Defendants continued to place calls and Robocalls to Plaintiff.

20. During several phone calls, Defendants misleadingly informed Plaintiff that she owed different amounts to the Creditor. On one occasion, Defendants told Plaintiff she owed $3,000.00, on another that she owed $400.00; and on an additional instance, Defendants told Plaintiff she owed $5,000.00.

21. Defendants also placed the alleged Debt on Plaintiff's credit report stating she owed $5,000.00.

22. Additionally, Defendants insensitively continued to place calls one day to Plaintiff despite Plaintiff having explained earlier that morning that her brother had died and they were holding a service throughout the day.

23. Defendants' calls to Plaintiff were extremely harassing and caused Plaintiff a great deal of aggravation and emotional anguish.

C. **Plaintiff Suffered Actual Damages**

24. The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendants' unlawful conduct.

25. As a direct consequence of the Defendants' acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

26. The Defendants' conduct was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

## COUNT I

## VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, *et seq.*

27. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

28. The Defendants' conduct violated 15 U.S.C. § 1692d in that Defendants engaged in behavior the natural consequence of which was to harass, oppress, or abuse the Plaintiff in connection with the collection of a debt.

29. The Defendants' conduct violated 15 U.S.C. § 1692d(5) in that Defendants caused a phone to ring repeatedly and engaged the Plaintiff in telephone conversations, with the intent to annoy and harass.

30. The Defendants' conduct violated 15 U.S.C. § 1692e in that Defendants used false, deceptive, or misleading representation or means in connection with the collection of a debt.

31. The Defendants' conduct violated 15 U.S.C. § 1692e(2) in that Defendants misrepresented the character, amount and legal status of the debt.

32. The Defendants' conduct violated 15 U.S.C. § 1692e(8) in that Defendants threatened to communicate false credit information.

33. The Defendants' conduct violated 15 U.S.C. § 1692e(10) in that Defendants employed false and deceptive means to collect a debt.

34. The Defendants' conduct violated 15 U.S.C. § 1692f in that Defendants used unfair and unconscionable means to collect a debt.

35. The Defendants' conduct violated 15 U.S.C. § 1692f(1) in that Defendants attempted to collect an amount not authorized by the agreement creating the debt.

36. The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

37. The Plaintiff is entitled to damages as a result of Defendants' violations.

**PRAYER FOR RELIEF**

**WHEREFORE**, the Plaintiff prays that judgment be entered against the Defendants:

1. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against the Defendants;

2. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against the Defendants;

3. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) and 73 P.S. § 2270.5 against the Defendants;

4. Actual damages from the Defendants for all damages including emotional distress suffered as a result of the intentional, reckless, and/or negligent FDCPA violations; and

5. Such other and further relief as may be just and proper.

Dated: August 31, 2012

Respectfully submitted,

By */s/ Amy L. Cueller*

Amy L Cueller, Esq., #15052-49
LEMBERG & ASSOCIATES L.L.C.
1100 Summer Street, 3rd Floor
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile:  (203) 653-3424
E-Mail: acueller@lemberglaw.com
*Attorneys for Plaintiff*